UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| **In re** <br><br> **CRAIG A. RODMAN,** <br><br>                             **Debtor** <br><br> ——————————————— <br><br> **STEPHEN E. SHAMBAN, Chapter 7 Trustee,** <br><br>                             **Plaintiff** <br><br> **v.** <br><br> **CRAIG A. RODMAN and ELIZABETH RODMAN, Individually and as Trustee,** <br><br>                   **Defendants/** <br>                **Third-Party Plaintiffs** <br><br> **v.** <br><br> **ANTHONY T. VISCONTI,** <br><br>                **Third-Party Defendant** | **Chapter 7** <br> **Case No. 08-12712-FJB** <br><br><br><br><br><br><br><br> **Adversary Proceeding** <br> **No. 08-1391** |

**MEMORANDUM OF DECISION ON**
**MOTION OF ANTHONY VISCONTI TO DISMISS THIRD-PARTY COMPLAINT**

By his complaint in this adversary proceeding, the chapter 7 trustee, Stephen Shamban, asserts objections to discharge against debtor Craig Rodman and a claim for recovery of certain assets that he allegedly fraudulently conveyed to his wife, Elizabeth Rodman. The Rodmans in turn contend that Craig's bankruptcy filing and the alleged fraudulent conveyances were done upon the bad advice of Craig's attorney, Anthony Visconti, against whom they have filed a third-party complaint for negligence (legal malpractice), negligent infliction of emotional distress, and violation of the Massachusetts Consumer Protection Act, G. L. C. 93A. The third-party

complaint is now before the court on a motion by Visconti to dismiss the third-party complaint on various grounds, including (among others) that the court lacks subject-matter jurisdiction over Elizabeth's claims against him and that the court should, in its discretion, abstain from exercising jurisdiction over Craig's claims against him. The court agrees and accordingly will dismiss the third-party complaint.

In order for a claim to fall within the bankruptcy court's subject-matter jurisdiction, that claim must at least be "related to a case under title 11." 28 U.S.C. §§ 1334(b) and 157(a). Under the well-established test of "related-to jurisdiction," a claim is deemed to relate to a case under title 11, the Bankruptcy Code, if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3rd Cir. 1984). Elizabeth's claims against Visconti can have no effect on Craig's bankruptcy case: she is not herself a debtor in this case; and whatever her rights of recovery against Visconti, they are her own, not the bankruptcy estate's. I therefore conclude that her third-party claims fall outside the bankruptcy court's subject-matter jurisdiction.

Moreover, there is good cause to abstain from exercising any jurisdiction this court may have over the claims of both Craig and Elizabeth against Visconti. These claims are not core-proceedings, and Visconti does not consent to the Bankruptcy Court's entering final judgment as to them. Without the consent of all parties to a non-core matter, the bankruptcy court may not enter final judgment but may, at best, enter only proposed findings of fact and conclusions of law, subject to review *de novo* in the U.S. District Court. 28 U.S.C. § 157(c)(1). This procedure is in this instance, as in most, an inherently inefficient use of the courts' and the parties' resources; the procedure is therefore disfavored where the claims at issue may be litigated in another forum with jurisdiction to enter final judgment. In addition, the third-party plaintiffs have demanded and are entitled to a jury trial on the third-party complaint, but Visconti does not consent to the Bankruptcy Court's conducting the jury trial. A bankruptcy judge may conduct a jury trial only with the consent of all the parties. 28 U.S.C. § 157(e). In view of the

inefficiency of proceeding in the bankruptcy court, the bankruptcy court's inability to conduct the jury trial to which the third-party plaintiffs are entitled, and the ability of the third-party plaintiffs to take the same counts to a state court with jurisdiction and authority to finally decide the matter before a jury in a single proceeding, it is in the interest of justice that the court abstain. 28 U.S.C. § 1334(c)(1) (permitting court, "in the interest of justice," to abstain from exercising bankruptcy jurisdiction).

For these reasons, the Court will enter a separate and final order of abstention and dismissal as to the third-party complaint.[1]

Date: May 15, 2009

_____
Frank J. Bailey
United States Bankruptcy Judge

---

[1] In view of this result, I need not decide, and express no opinion, as to whether the claims asserted herein by Craig Rodman belong to him, as opposed to his bankruptcy estate, such that he has standing to prosecute them.

3